Milord A. Keshishian, SBN 197835
MILORD & ASSOCIATES, P.C.
2049 Century Park East, Suite 3850
Los Angeles, California 90067
Tel: (310) 226-7878
Fax: (310) 226-7879
milord@milordlaw.com

Attorneys for Plaintiffs
STARLINE TOURS USA, INC.
STARLINE TOURS OF HOLLYWOOD, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STARLINE TOURS USA, INC., a California Corporation, and STARLINE TOURS OF HOLLYWOOD, INC., a California Corporation, <br><br> Plaintiffs, <br><br> vs. <br><br> ON LOCATION TOURS, INC., a New York Corporation, <br><br> Defendant. | Case No.: <br><br> **COMPLAINT FOR:** <br><br> 1. **Declaratory Judgment of Non-Infringement (15 U.S.C. §1125)** <br> 2. **Cancellation of Registered Trademark (15 U.S.C. §1064)** <br><br> **JURY TRIAL DEMANDED** |

Plaintiffs Starline Tours USA, Inc. ("Starline USA") and Starline Tours of Hollywood, Inc. ("Starline Hollywood"), referred to collectively as "Starline," by and through their undersigned attorneys, sue Defendant On Location Tours, Inc. ("OLT"), and allege:

## JURISDICTION AND VENUE

1.     The Court has jurisdiction over the subject matter of this action pursuant to

**COMPLAINT – Jury Demand**

28 U.S.C. §§ 1331, 1338(a) and (b), the Lanham Act, 15 U.S.C. §§ 1125 and 1121, *et seq.*, and pursuant to 28 U.S.C. §§ 2201(a) and 2202, *et seq.*

2.     Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) and (c), and §1400(b) because Defendant conducts business in this District, including advertising and providing an e-commerce site targeting residents of this District and entering into contractual agreements with businesses in this District, such as TMZ Productions, Inc., resides in this District, and a substantial part of the events or omissions giving rise to the claim occurred in this District, including sending correspondence to, and contacting Plaintiffs in this District, as described herein, regarding Defendant's purported claim of infringement of Defendant's purported mark by Plaintiffs when Defendant knew it was contesting the business activity of a California company that was conduced in California.

## THE PARTIES

3.     Plaintiff Starline USA is a California corporation having a principal place of business in Los Angeles, California.

4.     Plaintiff Starline Hollywood is a California corporation having a principal place of business in Los Angeles, California.

5.     Upon information and belief, Defendant OLT is a New York corporation having a principal place of business in New York, New York.

## FACTS COMMON TO ALL COUNTS

6.     Starline has provided tourists sightseeing tours of the Los Angeles area for many years, including in its ubiquitous double-decker open air buses bearing its prominently displayed Starline trademark.



COMPLAINT – Jury Demand

7.     Because of Starline's time, money, and effort advertising and promoting its tours, Starline has created considerable goodwill and a reputation for high-quality services.

8.     Starline has been offering tours of various movie locations throughout Los Angeles.  As used in the film industry, the phrases "movie location" and "on location" are generic, referring to the physical location where a movie is filmed or shot.

9.     Starline works with independent third-party Turner Classic Movies ("TCM") to show short clips of movies on its buses as it transports tourists to the corresponding movie locations.  Starline's movie locations tour buses also feature the Starline trademark, as shown below:



10.     It is no coincidence that unrelated third-parties offer tourists "movie location" maps, books, articles, or websites to easily find locations where the visitors' movies of interest were filmed, including:

    a.     The website <www.movielocationsguide.com>, which provides an interactive movie locations map to locate the site of the visitors' requested movie;

    b.     The website <www.cracked.com> provides an article titled "26 Awesome True Stories Behind Famous Movie Locations;"

    c.     The book "The Worldwide Guide to Movie Locations" by Tony Reeves, published September 1, 2001, is written for "all those fans

COMPLAINT – Jury Demand

who wonder where their favorite movies were filmed or what it would be like to visit the sites, this book is the ultimate resource;" and,

    d.    The NPR website <www.npr.org> provides an article about location scouts locating "movie locations" instead of previously used sets on studio back lots.

11.    In accordance with industry parlance and commonly understood meaning, Starline uses the phrase "movie locations tour" in a generic manner to refer to tours that transport visitors to locations where movies are shot.

12.    Indeed, Defendant OLT's own website <www.onlocationtours.com> is replete with the generic use of "movie locations" to refer to tours of locations where movies are shot, including:

    a.    "On the Romantic Movie Moments Tour, a local New York City actor will bring to life some of the most alluring **movie locations** featured on the big screen."  (emphasis added)

    b.    "Passing the Empire State Building, you'll look up to the sky and see perhaps the most famed romantic **movie location** in town." (emphasis added)

    c.    "And stroll through Central Park TV and **movie locations**!" (emphasis added)

    d.    "Explore Ghostbusters **movie locations**!" (emphasis added)

13.    Courts may look to a trademark holder's own use to determine genericness. *Colt Def. LLC v. Bushmaster Firearms, Inc.*, 486 F.3d 701, 707 (1st Cir. 2007).  Evidence of the registrant's use is "relevant because '[a] kind of estoppel arises when the proponent of [a] trademark use is proven to have itself used the term before the public as a generic name." *Colt*, 486 F.3d at 707 (citing McCarthy §12:13)(alterations in original).  "If the primary significance of the trademark is to describe the type of product rather than the producer, the trademark [is] a generic term and [cannot be] a valid trademark." *Filipino Yellow Pages, Inc. v. Asian Journal of Publ'ns, Inc.*, 198 F.3d 1143, 1147 (9th Cir. 1999)

COMPLAINT – Jury Demand

(quoting *Anti-Monopoly, Inc. v. General Mills Fun Group Inc.*, 684 F. 2d 1316, 1319 (9th Cir. 1982).

14. Not only does OLT use "movie locations tour" in a generic manner, but it also uses its purported slogan or trademark "On Location Tours" in a generic manner, including the following copy on its website: "While many of the interior scenes were shot at Silver Cup Studios in Long Island City, much of the series was shot 'on location' making New York City itself the fifth star of HBO's *Sex and the City*."

15. Indeed, "on location" is generic not only in the movie industry, but also in the English language for tours of where a movie was shot or filmed, or any such location to which tour-goers are taken, and therefore "on location" does not and cannot function as a source identifier for any such tour or sightseeing services. In addition to OLT's generic use of the phrase "on location," other third-party uses include the following:

a. The website <www.onlocationvacations.com> provides tour goers a daily update of "what's filming **on location**" to allow visitors choices of filming locations to visit.

b. The website <www.seeing-stars.com> provides tour goers options of "Hollywood on Location" and states "[m]uch of what you see on the silver screen is shot outside, '**on location**' right on the streets of L.A., and the surrounding communities" and provides an interactive map to locate movie locations.

c. The website <www.discoverlosangeles.com> has an article titled "Go On Location: The Best Movie & TV Locations in Los Angeles" and another titled "Go **On Location**: Iconic Horror Movie Locations in Los Angeles" to guide tour-goers to various TV and movie locations.

d. *The Guardian* published an article regarding the "Life of Pi" movie titled "Life of Pi: **On location** in Pondicherry, India" which examined the "entire first act of Ang Lee's film [that] was shot **on location** in the coastal town of Puducherry."

**COMPLAINT – Jury Demand**

16.     In an Office Action dated July 13, 2006, the U.S. Patent & Trademark Office ("USPTO") refused registration of OLT's trademark application to register "On Location Tours" because OLT's "use of the words 'On Location' and 'Tours' in the proposed mark does not create a commercial impression separate and apart from the descriptive connotation of tours of actual locations where movies and televised programs have been shot. The specimens of record, which advertise the following, support this notion: 'Go *on location* to the Bandshell from Breakfast at Tiffany's and Kramer vs. Kramer.' In addition, please see the sample Internet and Lexis-Nexis evidence showing use of these terms with tours. When these words are applied to the 'tours of various sites and places featured in films and television programs' listed in the application consumers will immediately recognize and perceive the nature of the services. Therefore, registration must be refused under Section 2(e)(1) of the Trademark Act."

17.     In addition, the USPTO required OLT to "disclaim TOURS because this word is generic in the context of applicant's 'guided tours,'" which OLT conceded and disclaimed on January 16, 2007, thus agreeing that TOURS was generic for OLT's services, but OLT countered the USPTO's refusal by arguing that its mark was descriptive and had acquired secondary meaning.

18.     The USPTO soundly rejected OLT's claim of acquired distinctiveness on March 1, 2007 and maintained the merely descriptive refusal of the mark.

19.     In response, on September 5, 2007, OLT attempted to argue that the mark was suggestive, or alternatively its paucity of evidence established acquired distinctiveness.

20.     The USPTO soundly rejected OLT's argument that the mark was suggestive, but was misled that the mark had acquired distinctiveness and published the mark for opposition because, on information and belief, OLT knew that its use was not substantially exclusive and that the purported mark was generic.

21.     Despite the genericness of OLT's slogan, on July 3, 2014, OLT's counsel sent an email to Starline expressing concern "about Starline's use of the mark MOVIE

**COMPLAINT – Jury Demand**

LOCATIONS TOUR and the corresponding domain (www.movielocationstour.com), and the domain www.movielocationstours.com, in connection with Starline's TCM tour. Starline's use of a substantially similar mark in connection with the identical services offered by OLT under it's (*sic.*) ON LOCATION TOURS mark is likely to cause consumer confusion misleading consumers into believing that Starline's TCM tour is affiliated with and/or sponsored, endorsed or otherwise authorized by OLT.  This possibility of consumer confusion is further heightened by the fact that OLT offers a TCM tour under its mark.  Accordingly, as discussed, please have your attorney contact me so that we may discuss this matter with a view toward an amicable resolution."

22.     In a telephone conference between the parties' respective counsel, OLT's counsel was informed "movie location tours" and "on location tours" were generic and Starline vehemently denied any infringement.  Nevertheless, OLT's counsel proposed that Starline change the "movie locations tours" term subject to OLT's approval of said proposal.

23.     On August 15, 2014, OLT's counsel forwarded a letter settlement agreement demanding Starline's agreement, among other things, to discontinue use of the movie locations tours phrase, which Plaintiffs herein allege is generic and/or invalid, and to cease use of the movielocationstour.com and movielocationstours.com domain names.  In conclusion, said letter asserted "[n]othing contained or omitted herein shall be deemed a waiver of or prejudice to any rights or remedies OLT may have, all of which are hereby expressly reserved."

24.     On February 19, 2015, OLT's counsel left a voicemail message for Starline's counsel to the effect that Starline was still using the mark, Starline had been totally unresponsive, the matter needed to be resolved, OLT has been very patient in light of the prior working relationship of the parties, OLT was willing to get the matter cleared up, but OLT's counsel needed to hear from Starline at least "by the end of next week."

25.     Defendant's assertions of trademark infringement via its communication of its concern for Starline's alleged use of a purportedly confusingly similar term for

**COMPLAINT – Jury Demand**

Starline's tour and Starline's corresponding domain name, Defendant's express and implied threats of litigation as described herein, Starline's denial of any such infringement, OLT counsel's imposition of a deadline for Starline to respond to its voicemail message, and other interactions with Plaintiffs and/or their business affiliates, as alleged herein, create an actual case or controversy among the parties, who have adverse legal interests, which is real and substantial and of sufficient immediacy and reality to warrant the issuance of declaratory judgment.

26.     OLT's charges of slogan and trademark infringement have created an actual, substantial and justiciable case or controversy between Starline and OLT concerning Starline's rights to use the generic movie locations tour phrase to refer to its services and the corresponding domain names.  Furthermore, to the extent, if any, that apprehension of suit remains relevant to considerations of jurisdiction for declaratory judgment, Starline has a reasonable apprehension of imminent suit by OLT because the parties' are entering the busy tourist season.

27.     Plaintiffs have no other existing, speedy, adequate or proper remedy other than a declaration and determination of the parties' rights as prayed for herein.

## COUNT I
### Declaration of Non-Infringement
(28 U.S.C. § 2201, *et seq.* and 15 U.S.C. § 1125(a), *et seq.*)

28.     Starline hereby realleges and incorporates the allegations in paragraphs 1 to 27 of the Complaint as if fully set forth herein.

29.     Due to several factors, including but not limited to:  Starline's generic and/or descriptive, non-trademark use of "movie locations tour;" the use of Plaintiffs' Starline trademark to identify the services associated with the generic and/or descriptive term "movie locations tour;" the extensive third-party and even OLT's usage of "movie locations tour" and "on location tour" as a generic term for tour services to movie locations or on location; and the differences in trade channels and purchasing environments between Starline's and OLT's services, there is no likelihood of confusion,

sponsorship or affiliation between the Starline's services and OLT's services registered with the USPTO.

30.    Starline is entitled to a declaratory judgment from this Court that Starline's movie location tours generically describe the services provided by Plaintiffs and do not infringe OLT's improperly registered "On Location Tours" slogan, and Starline does not unfairly compete (15 U.S.C. § 1125) with OLT or otherwise violate any of OLT's rights.

## COUNT II

### Cancellation of Federal Registration No. 3786497

### (15 U.S.C. §1064)

31.    Starline hereby realleges and incorporates the allegations in paragraphs 1 to 30 of the Complaint as if fully set forth herein.

32.    OLT obtained USPTO trademark registration number 3786497 on May 11, 2010 for the slogan "On Location Tours" as used for "entertainment services, namely, providing and conducting guided tours of various sites and places featured in films and television programs; all of the foregoing not including any services relating to or centered around American professional football."

33.    As the purported mark "On Location Tours" is generic and/or descriptive without acquired distinctiveness, the registration is invalid and unenforceable, and should therefore be cancelled pursuant to 15 U.S.C. §1064.

34.    The existence of the registration is damaging to Starline, as OLT has charged Starline with trademark infringement, claiming exclusive rights in the generic terms "on location tours" and "movie location tours" based on its ownership of its invalid registration, and demanding that Starline cease and desist from using "movie locations tours" to describe its tours and in its subject domain names, all to the detriment of Starline.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against OLT as follows:

A.    For a declaration from this Court that Plaintiffs' past, present and continued

uses of the term "movie locations tours," in sales, advertising, promotion, and marketing of touring and sightseeing services in connection with movie locations, including Starline's use of the movielocationstour.com and movielocationstours.com domain names, do not infringe any trademark rights of OLT in its purported "on location tours" mark, and Plaintiffs' use of "movie location tours" does not otherwise constitute a violation of any of OLT's rights in the term "on location tours," if any, under the Lanham Act or other trademark law;

B.     For a declaration from this Court that Defendant, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation or otherwise in privity with it, be permanently enjoined and restrained from instituting, prosecuting or threatening any action against Plaintiffs, or any of their related affiliates, or anyone in privity with them, with respect to their sale of movie location tours described as "movie location tours" or Plaintiffs' registration and use of the movielocationstour.com and movielocationstours.com domain names;

C.     That this Court declare and enter a judgment that the term "on location tours" is generic and/or descriptive in association with tour services transporting tourists to movie locations, or otherwise lacks the capability of functioning as a source identifier to the consuming public, or as a trademark, including lack of acquired distinctiveness, that U.S. trademark registration number 3786497 for "on location tours" be cancelled, and that the Director of the USPTO be provided with a certified Order of same;

D.     For a declaration from this Court, if OLT is found to have any trademark rights at all in the term "on location tours," that Plaintiffs' past, present and continued uses of the term "movie locations tours," in sales, advertising, promotion, and marketing of touring and sightseeing services in connection with movie locations, including Starline's use of the movielocationstour.com and movielocationstours.com domain names, constitute fair use and are protected under the First Amendment, and do not infringe on any such purported trademark rights of Defendant;

E.     For costs of suit incurred, including, but not limited to reasonable attorneys'

COMPLAINT – Jury Demand

fees, as allowed by law, including under 15 U.S. C. § 1117(a), under which Plaintiffs hereby request that this case be found as an exceptional case, and that Plaintiffs therefore be awarded their reasonable attorneys fees and costs;

F.     That this Court grant such other and further relief that it deems just and proper.

Dated:  April 18, 2015                    Respectfully submitted,

                                          **MILORD & ASSOCIATES, P.C.**

                                          _____

                                          Milord A. Keshishian
                                          Attorneys for Plaintiffs
                                          STARLINE TOURS USA, INC.
                                          STARLINE TOURS OF HOLLYWOOD, INC.

-11-

**COMPLAINT – Jury Demand**

1

2                              **DEMAND FOR JURY TRIAL**

3               Plaintiffs, through their attorneys of record, hereby demand trial by Jury.

4

5      Dated:  April 18, 2015                    Respectfully submitted,

6

7                                                **MILORD & ASSOCIATES, P.C.**

8                                                _____

9                                                Milord A. Keshishian
                                                 Attorneys for Plaintiffs
10                                               STARLINE TOURS USA, INC.
                                                 STARLINE TOURS OF HOLLYWOOD, INC.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                               -12-